

2004 AUG 18 PM 2: 16



# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISON

PAMELA S. MURAN
5267 Pepper Drive
Huber Heights, Ohio 45424

And

NINA HAYFLETT
(formerly known as Nina Huff)
863 Foley
Vandalia, Ohio 45377

    Plaintiffs,

v.

PALMER, REIFLER & ASSOCIATES, P.A.
c/o James R. Palmer, Registered Agent
1900 Summit Tower Blvd.
Orlando, FL 32810

JOHN DOE 1 THROUGH 10
ADDRESS UNKNOWN

    Defendants.

Case No. 3 : 04 CV 0298

Judge WALTER HERBERT RICE

**COMPLAINT AND DEMAND FOR JURY TRIAL**

---

## I. INTRODUCTION

1.     This is an action for damages brought by two consumers for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. (hereinafter FDCPA) and the Ohio Consumer Sales Practices Act, O.R.C. §1345 et seq. (hereinafter OCSPA) which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2.       Jurisdiction of this Court arises under 15 U.S.C. §1692k(d), 28 U.S.C. §1337 and under the doctrine of pendant jurisdiction as set forth in *United Mineworkers v. Gibbs*, 383 U.S. 715 (1966).

## III. PARTIES

3.       Plaintiff Pamela S. Muran is a natural person now residing in Huber Heights, Ohio, County of Montgomery, State of Ohio. At all times relevant hereto, Plaintiff was living at the address identified in this Complaint.

4.       Plaintiff Nina Hayflett, formerly known as Nina Huff, is the daughter of Plaintiff Pamela S. Muran. Plaintiff Nina Fayflett is a natural person residing in Vandalia, Ohio, County of Montgomery, State of Ohio.

5.       Plaintiffs are consumers as defined in 15 U.S.C. §1692a(3).

6.       The Defendant Palmer, Reifler & Associates, P.A. is a law firm engaged in the business of collecting debts in the State of Ohio and other states, with its principal place of business at 1900 Summit Tower Blvd., Orlando, Florida 32810. The principal purpose of Palmer, Reifler & Associates, P.A. is the collection of debts using the mails and telephone and Defendant Palmer, Reifler & Associates, P.A. regularly attempts to collect debts alleged to be due by another.

7..      Defendants John Doe 1 through 10 are natural persons engaged in the business of collecting debts for Defendant Palmer, Reifler & Associates, P.A. and operates out of their offices in Ohio and in the State of Florida.

## IV. FACTUAL ALLEGATIONS

8. On or about May 1, 2002, Plaintiff, Nina Huff, (hereinafter Nina Hayflett) was accused of misappropriating property owned by her employer, The K-Mart Corporation.

9. Despite interrogation by K-Mart managers, the property was not recovered and Plaintiff Nina Hayflett quit her employment with K-Mart.

10. Defendant Palmer, Reifler & Associates, P.A. are attorneys at law. The Fair Debt Collection Practices Act recognizes them as debt collectors, who are subject to the Fair Debt Collection Practices Act. See *Heintz v. Jenkins*, 514 U.S. 291 (1995).

11. Throughout 2002 and 2003, Defendant Palmer, Reifler & Associates, P.A. (hereinafter "Palmer"), harassed Plaintiff Pamela Muran and Plaintiff Nina Hayflett through repeated phone calls in an attempt to collect a debt.

12. Defendant Palmer was attempting to collect a debt that they believe was owed to K-Mart, for the alleged misappropriation of property.

13. K-Mart did not take this matter to any prosecutor and obtained no judgment entitling it to reimbursement or restitution of any kind.

14. Nonetheless, Defendant Palmer engaged in a pattern of verbal communication and written communication throughout 2002 and 2003. In addition, Palmer, used a computer to regularly dial the telephone number of Plaintiff's residence. At no time did Palmer or Agents identify themselves as debt collectors.

15. On July 14, 2004, <u>more than two years after the alleged misappropriation,</u> Defendant Palmer transmitted a letter to the "parents/guardian of Nina Huff".

16. In its July 14, 2004 letter attached hereto as Exhibit A, Defendant Palmer cites its authority to collect its debt from Ohio Revised Code §§ 2307.60, 2307.61 and/or Ohio Revised Code 3109.09. Defendant Palmer, as a debt collector should have been aware of the statute of

3

limitations for attempting to collect on the Code Sections stated in its July 14, 2004 letter. Specifically, Ohio common law has indicated that the statute of limitations for pursuing an action under Ohio Revised Code §2307.60 and 2307.61 must be prosecuted within one year of the alleged misappropriation. Defendant Palmer did not commence an action against either Plaintiff within the statute of limitation.

17. As it relates to §3109.09 (Ohio's parental responsibility statute), the statute of limitations for pursuing any claim against a parent or guardian of a minor who intentionally misappropriates property is two years. Defendant Palmer did not commence an action against Plaintiff Pamela Muran within the statute of limitations.

18. According to Ohio law, in the case of *Rudney v. Corbett*, (1977), 53 Ohio App. 2d 311, the syllabus indicates clearly that Ohio Revised Code §3109.09 has a two year statute of limitations. In the case of *Steinbrick v. Cleveland Electric Illuminated Company*, unreported, (1994) Ohio App. LEXIS 3756, the appropriate statute of limitations for §2307.60 and 2307.61 was determined to be one year.

19. Defendant Palmer does not employ measures or procedures reasonably adapted to avoid the actions and violations described above.

20. As a result of the actions above, Plaintiffs have suffered actual harm including but not limited to, emotional distress, nervousness, sleeplessness, embarrassment, loss of concentration and other damages.

## V. FIRST CAUSE OF ACTION

21. Plaintiffs repeat and reallege and incorporate by reference Paragraphs 1 through 19 above.

22. Defendant Palmer violated the FDCPA. Defendants' violations include, but are not limited to, the following:

4

(a) Defendant Palmer violated 15 U.S.C. §1692e(2)(A), (4), (5), (7), (10), 15 U.S.C. 16924(5), and 15 U.S.C. §1692f(1)(6), in that Defendant Palmer threatened to pursue a legal action which would not be allowed because of the lapse of statute of limitations because Defendant Palmer failed to file a timely action and/or reduce the allegations of their client, K-Mart, to an enforceable judgment within the time allowed by law.

23. As a result of the above violations of the FDCPA, Defendant Palmer and John Doe 1 through 10, are liable jointly and severally to Plaintiffs Pamela S. Muran and Plaintiff Nina Huff (now known as Nina Hayflett) in the sum of Plaintiffs' actual damages in the amount of $5,000.00 each, statutory damages in the amount of $1,000.00 per violation pursuant to 15 U.S.C. §1692k, plus punitive damages, costs and attorney's fees.

## VI. SECOND CAUSE OF ACTION

24. Plaintiffs repeat and reallege and incorporate by reference Paragraphs 1 through 23 above.

25. Defendants Palmer and John Doe violated the Ohio Consumer Sales Practices Act (hereinafter OCSPA).

26. Defendants' violations of the OCSPA include, but are not limited to, the following:

(a) Defendants violated O.R.C. §1345.02 and O.R.C. §1345,03 by:

(1) intentionally deceiving Plaintiffs as to their legal rights for purposes of harassing Plaintiffs;

(2) intentionally misleading Plaintiffs as to the effect of nonpayment when it knew or should have known that it could not collect the debt that it was attempting to collect;

(3) intentionally misrepresenting Defendants' intentions regarding legal action and/or abusive actions concerning Plaintiffs' account, to-wit: citations to Ohio Revised Code Sections

5

creating parental responsibility and converting alleged criminal wrongs into civil wrongs when it knew or should have known that it could not pursue such actions at the point in time the communication occurred with the consumers.

27. Defendants' acts as described were done intentionally and with the purpose of coercing Plaintiffs into paying the alleged debt, an invalid debt and one not owed.

28. As a result of the above violations of the OCSPA, Defendants are jointly and severally liable to Plaintiffs Pamela S. Muran and Plaintiff Nina Huff (now known as Nina Hayflett) in the sum of Plaintiffs' actual damages, $5,000.00 each, plus punitive damages, costs and attorney's fees.

**WHEREFORE**, Plaintiffs, Pamela S. Muran and Nina Huff (now known as Nina Hayflett) respectfully request that judgment be entered against Defendants Palmer, Reifler & Associates, P.A. and John Doe 1 through 10 for actual damages of $5,000.00 each as stated above from each Defendant including treble damages pursuant to O.R.C. §1345.09, statutory damages of $1,000.00 per violation of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. §1692k, punitive damages from each Defendant, for intentional violations of the FDCPA and OCSPA, costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and O.R.C. §1345.09f, and any such other relief as may be deemed just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES OF THIS MATTER.**

Respectfully submitted,

Joseph P. McDonald (0055230)
McDonald & McDonald Co., LPA
683 Miamisburg-Centerville Road, Ste. 210
Centerville, Ohio 45459
(937) 428-9800 (937) 428-9811 (fax)
Attorney for Plaintiffs
joseph@mcdonaldandmcdonald.com